```
         UNITED STATES DISTRICT COURT
           DISTRICT OF NEW HAMPSHIRE
```

<u>Jennifer Posteraro</u>

  v.          Civil No. 13-cv-416-JL
               Opinion No. 2016 DNH 003P

<u>Citizens Financial Group</u>

**ORDER ON MOTIONS IN LIMINE**

  Before the court are the parties' respective motions <u>in limine</u> seeking to exclude various evidentiary items and issues from the upcoming trial in the above-captioned matter.  Plaintiff Jennifer Posteraro sued her former employer, Citizens Financial Group ("Citizens"), and her former manager, Christos Hatzidakis, for, <u>inter alia</u>, violations of state and federal gender and disability discrimination laws.  The court recently granted the bulk of defendants' motion for summary judgment (doc. no. 63). Accordingly, the only claims remaining for trial are Counts 5 and 6 against Citizens, which allege retaliation for complaining about sexual harassment and pursuing accommodation for her disabilities, in violation of Title VII and N.H. Rev. Stat. Ann. § 354-A:19.

  Each side has filed motions in limine seeking to exclude evidence from  trial.  The court preliminarily addressed these motions at the final pre-trial conference held on December 30,

2015.[1]  As promised, the court makes the following, more detailed findings on the pending motions.  The court reminds the parties that <u>all</u> of the rulings herein are made without prejudice to revisiting particular issues in response to circumstances that might arise during trial.  Furthermore, these ruling are limited to grounds argued in the parties' filings.  The court reserves the right to assess other factors at trial, such as authenticity, hearsay and best evidence.  <u>See</u> Fed. R. Evid. 800 <u>et seq.</u>, 900 <u>et. seq.</u>, and 1000 <u>et seq.</u>

## I. <u>Citizens' Motions</u>

A. <u>Motion to exclude expert testimony (doc. no. 43)</u>

Posteraro based her disability-related claims on diagnoses of post-traumatic stress disorder ("PTSD"), anxiety and depression.  Citizens seeks to exclude expert testimony regarding PTSD and her treatment for anxiety and depression.  The ostensible bases for the motion is Posteraro's failure to properly disclose experts on those matters.

The court first observes that by granting summary judgment on Posteraro's substantive ADA claim, the court has rendered much of the testimony on the issue of her disabilities irrelevant.  Fed. R. Evid. 401.  While such testimony might be relevant to the

---

[1]Counsel declined the opportunity for oral argument at the pre-trial conference.

limited issue of whether Citizens' alleged retaliation caused or exacerbated any of Posteraro's medical conditions, Posteraro has made no disclosure of any non-retained experts on this subject, as is required by Fed. R. Civ. P. 26(a)(2)(A), (c) and (D).  As the court noted in Aumand v. Dartmouth Hitchcock Med. Ctr., 611 F. Supp. 2d 78, 88 (D.N.H. 2009), the failure to disclose still allows Posteraro's treatment providers to testify about "'what they saw and what they did' in the course of caring for a patient; that would be fact testimony, rather than opinion testimony under Rule 702.  But going beyond those facts triggers the disclosure requirement . . . ."  To be sure, a treating physician can testify, absent a report, as to causation, diagnosis, prognosis and extent of disability "provided that [he or she] reached that conclusion in a reliable manner while examining and treating the plaintiff."  Westerdahl v. Williams, 276 F.R.D. 405, 408 (D.N.H. 2011) (citation and internal quotation omitted).  But here, Posteraro's objection to the instant motion does not cite any diagnoses or opinions that her treating physicians reached during the course of treatment.[2]  Accordingly, Citizens' motion to exclude expert testimony (doc. no. 43) is <u>granted</u> to the extent it seeks to preclude Posteraro's

---

[2]For example, Citizens points out that references to PTSD in the medical records were based on Posteraro's own reports <u>to</u> her providers, rather than through clinical assessments <u>by</u> them.

treating physicians from offering opinion testimony not based on their treatment.

B.  Motion to exclude evidence of lost wages or benefits (Doc No. 44)

Posteraro originally sought lost wages based on her claims of wrongful termination and constructive discharge.  However, the court granted summary judgment as to those claims, rendering evidence regarding lost wages or benefits irrelevant.  Fed. R. Evid. 401, 402.  Moreover, Posteraro has provided no authority for the proposition (and has not seriously or articulately argued) that she is entitled to recover lost wages for the periods of her leave that she requested as an accommodation under the ADA.  Accordingly, Citizens' motion to exclude evidence of lost wages or benefits (doc. no. 44) is granted.

C.  Motion to exclude evidence of damages after January 20, 2014, based on after-acquired evidence of misconduct (Doc. No. 45)

Citizens notes that in January 2014, during the course of discovery, it learned that Posteraro had been involuntarily terminated by two previous employers, facts which she did not disclose in her Citizens employment application.  Citizens claims that had it still employed Posteraro, it would have terminated her upon learning this information.  Therefore, any accumulation of damages should end at that date.  The court need not

specifically reach the issue, however, as the grant of summary judgment in Citizens' favor on Posteraro's wrongful termination and constructive discharge claims renders any lost wage evidence irrelevant. Fed. R. Evid. 401, 402. Accordingly, Citizens' motion to exclude evidence of damages after January 20, 2014 (doc. no. 45), is granted.[3]

D.  Motion to exclude evidence derived from Christos Hatzidakis's personnel file (Doc. No. 46)

Citizens argues that evidence of branch manager Hatzidakis's poor performance or of disciplinary action it took against him for performance-related issues is irrelevant. The court disagrees. The only claim remaining in this case is for retaliation. As the court observed in its summary judgment order, there was evidence from which a jury could find that Hatzidakis retaliated against Posteraro because her protected activity – harassment complaints – "[got] him in trouble" with his superiors. 2015 DNH 237, 29. Accordingly, to the extent that evidence in Hatzidakis's personnel file is relevant to

---

[3] Citizens also claims in its objection to plaintiff's exhibits (doc. no. 55 at 3 n.1) that Posteraro conceded in an interrogatory answer that medical symptoms attributable to her employment at Citizens ended about a year after her departure, i.e., August 2012. As plaintiff's interrogatory answers are not (yet) part of the record, the court does not pass on this assertion. If accurate, however, it would be a substantial impediment to a damage claim beyond that date.

Posteraro's retaliation claim – perhaps as corroboration of her claims of retaliatory conduct or to establish a motive to retaliate – Citizens' motion to exclude evidence derived from Christos Hatzidakis's personnel file (doc. no. 46) is <u>denied</u>.[4]

E.  <u>Motion to exclude evidence regarding Genisa Todisco (Doc. No. 47)</u>

In her objection to Citizens' motion for summary judgment, Posteraro made reference to alleged discrimination against Todisco, a former Citizens employee, as well as a discrimination case filed by Todisco against Citizens, which now seeks to exclude such evidence from trial. To the extent Posteraro intended to proffer this evidence to support a hostile environment claim, she may not do so, as the court granted summary judgment as this claim, rendering the evidence irrelevant for that purpose. Fed. R. Evid. 401, 402. While Todisco's treatment conceivably might be admissible as a "crime, wrong, or other act" under Fed. R. Evid. 404(b)(2), Posteraro has made no such argument. Therefore, Citizens' motion to exclude evidence regarding Genisa Todisco (doc. no. 47) is <u>granted</u>.

---

[4] The court's task is complicated by plaintiff's failure to separately identify the particular documents from Hatzidakis's personnel file she intends to offer at trial, as required by L.R. 16.2(a)(5). Regardless, the court declines to categorically exclude disciplinary or performance-related information from the file.

## II. **Posteraro's motion**

A. <u>Motion to preclude evidence of other litigation (Doc. No. 49)</u>

Posteraro seeks to exclude evidence of her involvement in litigation against two other employers: one that preceded Citizens and one that followed. Citizens argues that evidence from those actions might help demonstrate that the complained-of conduct at Citizens was not unwelcome or that she was not actually intimidated by Hatzidakis's alleged conduct. Given the grant of summary judgment in Citizens' favor on Posteraro's harassment claims, such evidence is not relevant. Fed. R. Evid. 401, 402. Moreover, whatever probative value can be assigned to the mere fact that Posteraro has been in legal skirmishes with other employers, such value is outweighed by the potential prejudice of her being seen as unreasonably or unjustifiably litigious. Fed. R. Evid. 403. Therefore, Posteraro's motion to exclude evidence of other litigation (doc. no. 49) is <u>granted</u>. However, this ruling does not necessarily preclude the introduction of particular evidence <u>from</u> such other litigation for permissible purposes, such as credibility, damages, or causation.

7

## III. Conclusion

As set forth herein, and subject to the caveats noted, Citizens' motion to exclude expert testimony[5] is GRANTED; Citizens' motion to exclude evidence of lost wages or benefits[6] is GRANTED; Citizens' motion to exclude evidence of damages after January 20, 2014[7] is GRANTED; Citizens' motion to exclude evidence derived from Christos Hatzidakis's personnel file[8] is DENIED; Citizens' motion to exclude evidence regarding Genisa Todisco[9] is GRANTED; Posteraro's motion to exclude evidence of other litigation[10] is GRANTED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: January 5, 2016

cc: John P. Sherman, Esq.
K. Joshua Scott, Esq.
Martha Van Oot, Esq.
Debra Weiss Ford, Esq.

---

[5] Doc. no. 43.

[6] Doc. no. 44.

[7] Doc. no. 45.

[8] Doc. no. 46.

[9] Doc. no. 47.

[10] Doc. no. 49.